**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LAURA VIRGEN, | |
| Plaintiff, | No. 1:25-CV-12122 |
| v. | Judge Edmond E. Chang |
| THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Laura Virgen alleges that her employer, the University of Illinois Chicago, mistreated her, in violation of the Americans with Disabilities Act (commonly known as the ADA), as she recovered from a surgical procedure. *See generally* R. 25, Am. Compl.[1] Relying primarily on Civil Rule 10(b), the University previously moved to dismiss Virgen's original complaint. R. 18, Def.'s Prior Mot. Virgen has since filed an Amended Complaint, R. 25, but the University contends that the changes are insufficient and again seek dismissal based on its view that Virgen's allegations are unclear. R. 27, Def.'s Mot. For the reasons discussed below, the motion is denied.

## I. Background

The Court accepts all well-pleaded factual allegations in the Complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S.

---

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number. This Court has subject matter jurisdiction over this federal question case under 28 U.S.C. § 1331.

544, 570 (2007)). Virgen has worked at the University since 2011 and currently is a nurse technician. Am. Compl. ¶ 6. In 2018, she was diagnosed with bilateral fibrocystic breast disease, and she elected to undergo a palliative bilateral mastectomy in March 2025. *Id.* ¶¶ 7, 9.

Virgen alleges several claims for relief stemming from her surgery. First, she had to pay out of pocket for the procedure even though she believes that the University should have allowed her "to access her medical insurance coverage." Am. Compl. ¶¶ 9, 19, 21(e). Second, the University did not issue paychecks that she claims were due while on leave. *Id.* ¶¶ 11, 17–18, 21(a). Third, although her doctors confirmed that she could return to work, she could do so only if she was not required to lift more than 10 pounds. *Id.* ¶¶ 12–14, 16. The University, in her view, wrongly refused to make this accommodation. *Id.* ¶¶ 15, 21(b)–(d).

Believing that the University's actions violated the ADA, Virgen filed suit in October 2025. *See generally* R. 1, Original Compl. The University moved to dismiss the original complaint under both Civil Rule 12(b)(6) and Civil Rule 10(b). Def.'s Prior Mot. After review of the motion, the Court suggested that Virgen consider amending her pleadings using her opportunity as of right. R. 22, 01/14/26 Minute Entry (citing Fed. R. Civ. P. 15(a)(1)(B)). Virgen took up the offer and filed the Amended Complaint, R. 25, in January 2026. But the University has moved again to dismiss, arguing that the pleading remains too opaque in specifying the causes of action, in violation of Civil Rule 10(b). Def.'s Mot.

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).[2] The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). At the same time, the Supreme Court instructs that "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Seventh Circuit has drawn a context-dependent distinction between relatively straightforward employment discrimination claims versus more complex claims. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404–05 (7th Cir. 2010).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

---

[2]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

on its face." *Iqbal*, 556 U.S. at 678 (cleaned up). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

### III. Analysis

The University argues that the Amended Complaint still fails to comply with Civil Rule 10(b) because it "improperly muddles multiple purported causes of action" and "potentially includes multiple causes of action under various state and federal statutes." Def.'s Mot. at 4.

Civil Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Civil Rule 8(a) also directs pleadings to include "a short and plain statement of the claim showing that the pleader is entitled to relief." "The primary purpose of these rules is to give defendants fair notice of the claims against them and the grounds supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011). If a complaint is too confusing because of a "lack of organization and basic coherence," then dismissal may be proper for lack of notice. *Id.* at 798.

Although the Amended Complaint is far from a model of clarity, it is not confusingly unintelligible. The University asserts that it does not know whether Virgen advances theories of liability under state law or other federal statutes. Def.'s Mot. at 4. As an initial matter, "a complaint need not plead legal theories." *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011). It is true, however, that if a defendant

moves to dismiss a complaint for legal viability, then naturally the plaintiff must specify the grounds for the claims; otherwise, there is no way to assess whether a plaintiff has adequately stated a claim for relief.

In any event, Virgen did explicitly specify the basis for her claims: the Americans with Disabilities Act. The first sentence of the first paragraph says that she "brings this Amended Complaint pursuant to [t]he Americans with Disabilities Act, 42 U.S.C. § 12101." Am. Compl. ¶ 1. The next paragraph invokes "jurisdiction" under "42 U.S.C. § 12101," *id.* ¶ 2, again referring to the first section of the ADA. It is true that the citation to that statutory section for "jurisdiction" is not quite right, because subject matter jurisdiction arises under federal-question jurisdiction, 28 U.S.C. § 1331. But there is no doubt that Virgen is invoking the ADA. Later, in the paragraphs containing the explicit allegations of the claims, she again refers to "the requirements of the Americans with Disabilities Act," *id.* ¶ 20, and then prefaces the comprehensive listing of allegations by asserting that the University "failed to act in one or more of the following ways that amounted to a violation of the ADA," *id.* ¶ 21; *see also* R. 30, Pl.'s Resp. at 1 (titling argument as placing University "on notice of the alleged ADA violation").

Given these explicit invocations of the ADA, it is sufficiently clear that Virgen is premising her claims on that statute. Having said that, whether all of those alleged wrongs are validly actionable under the ADA is a very different question. The University presents its motion as seeking dismissal under both Civil Rule 10(b) and 12(b)(6), but makes no arguments on the merits of Virgen's claims. For now, it is clear

5

that Virgen pleads only purported violations of the ADA, but it is understandable that the University doubted that the ADA was the sole premise of the claims. So the Court will permit the University an opportunity to file a Rule 12(b)(6) dismissal motion that fully develops merits-based arguments. Of course, Virgen's legal theories also may change over the course of litigation, *Chessie Logistics Co. v. Krinos Holdings, Inc.*, 867 F.3d 852, 860 (7th Cir. 2017), but if, for example, the University believes that Virgen cannot sue under the ADA for an insurance-coverage dispute (at least on the basis of the current allegations) and that she was not otherwise entitled to coverage, those can be arguments made in the Rule 12(b)(6) motion.

## IV. Conclusion

The University's motion to dismiss, R. 27, is denied. On or before August 21, 2026, the University shall either answer the Amended Complaint or file a Rule 12(b)(6) motion.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: August 7, 2026

6